# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-01595-DFM | Date: | April 2, 2026 |
|---|---|---|---|
| Title | Haiyang Wang v. Warden of Desert View Annex Detention Facility et al | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Petitioner(s): | | Attorney(s) for Respondent(s): |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Denying Ex Parte Application for Temporary Restraining Order and Setting Briefing Schedule on Petition for Habeas Corpus (Dkts. 1, 3) |
|---|---|

### I.    INTRODUCTION

Before the Court is Petitioner Haiywang Wang's Ex Parte Application for a Temporary Restraining Order ("Application" or "TRO"). See Dkt. 3. Petitioner, who was detained following a routine immigration check-in, seeks immediate release from custody. Petitioner alleges that her ongoing detention constitutes a constitutional deprivation and that providing notice of this application to Respondents creates a risk of transfer to another detention facility, which would impair her access to counsel.

For the reasons set forth below, Petitioner's application is DENIED. Respondent is ORDERED to show cause why the writ of habeas corpus should not be granted according to the briefing schedule set forth in Central District General Order 26-05, the details of which are set forth at the end of this Order.

### II.    LEGAL STANDARD

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a TRO, a petitioner must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the petitioner's favor; and (4) that an injunction is in the public interest. See id. at 20.

Because Petitioner seeks relief ex parte, she must satisfy the stringent requirements of Federal Rule of Civil Procedure 65(b)(1), which permits a court to issue a TRO without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Furthermore, Petitioner must comply with Central District of California Local Rules 65-1 and 7-19, which govern the procedural and substantive requirements for ex parte applications.

Additionally, this application is governed by General Order 26-05, which dictates that "[a]pplications for TROs should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

III.    DISCUSSION

Petitioner's application fails because she has not demonstrated the type of imminent, irreparable harm required by Rule 65, Local Rules 65-1 and 7-19, and General Order 26-05 to justify ex parte emergency relief.

First, Petitioner argues that the constitutional deprivation inherent in her ongoing detention constitutes clear irreparable harm. The Court recognizes that the Ninth Circuit has held that the deprivation of constitutional rights can constitute irreparable injury. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). However, asserting a constitutional claim does not automatically entitle a petitioner to an ex parte TRO circumventing the adversarial process.

To satisfy the requirements for a TRO, and more specifically, General Order 26-05, Petitioner must demonstrate that the harm is so immediate and urgent that it "cannot be addressed by the standard scheduling order or by expediting the briefing schedule." The harm Petitioner alleges is the same detention she challenges in her underlying habeas petition. See Wang Decl. ¶ 11 ("Each additional day of detention causes me ongoing hardship that cannot be remedied later."). If the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO. It is the Court's view that a generalized claim of constitutional deprivation without specific, individualized exigency (e.g., a severe, untreated medical emergency) does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05.

Second, Petitioner argues that providing notice would create a risk that Respondents might transfer her to another facility, thereby impairing her access to counsel. This argument is unavailing. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction" or a TRO. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); see also Center for Food Safety v. Vilsack, 636 F.3d 1166, 1171 (9th Cir. 2011) (a plaintiff must demonstrate that irreparable harm is likely, not merely possible). Petitioner provides no evidence or specific facts indicating that Respondents have threatened, or are taking active steps, to transfer her. A generalized fear of routine agency action is speculative and cannot satisfy the heavy burden required to dispense with notice to the opposing party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

### IV.   CONCLUSION

Petitioner has failed to establish that she will suffer immediate and irreparable harm before Respondents can be heard in opposition, as required by Fed. R. Civ. P. 65(b)(1). Furthermore, Petitioner has failed to demonstrate that her alleged harm "cannot be addressed by the standard scheduling order or by expediting the briefing schedule," as strictly required by General Order 26-05. Accordingly, Petitioner's Ex Parte Application for a Temporary Restraining Order is DENIED.

This case will proceed under Exhibit B in General Order 26-05, which states as follows:

The Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that he or she is in custody in violation of the Constitution or laws of the United States and seeking a form of immigration-related relief. A court considering a habeas corpus petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. The Court hereby directs Respondents to show cause why the writ of habeas corpus should not be granted. General Order 26-05 sets the following briefing schedule, which shall govern unless the assigned Judge otherwise orders:

1. The Clerk is directed to effectuate immediate service of the habeas petition filed in this case upon Respondent by emailing a copy of the habeas petition and this order to USACAC.ImmHabeas@usdoj.gov.

2. Counsel for Respondent shall file a notice of appearance within 3 calendar days of the date the Clerk's Office issues this notice.

3. Respondent shall file an answer to the habeas petition no later than 7 days from the date the Clerk's Office issues this notice. Any arguments that the petition should be dismissed shall be made in the answer and not by separate motion.

4. Any reply shall be filed no later than 3 days after the answer is filed, or in the case of an unrepresented petitioner, 14 days after the answer is served.

5. If any of these deadlines fall on a weekend, holiday, or day the court is closed, the deadline shall be the next business day on which the court is open.

6. During the pendency of these proceedings, Respondent shall provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California.

7. If any party seeks to accelerate or extend the briefing schedule, the parties shall promptly meet and confer. After doing so, the parties shall file a stipulation or a joint statement that contains the parties' competing proposals for a briefing schedule.